## JOHN G. FINDEISEN & WIFE v. THE METROPOLE FIRE INS. CO.

*Insurance. Waiver of Proof of Loss. Agent. Estoppel.*

1. A waiver is an intentional relinquishment of a known right; thus, when the company's special agent sent to adjust the loss, declared : " That the claim was worthless, and that the loss would not be paid, because he burned the property," but the referee found, that the agent did not *intend* to waive the proofs of loss, that the plaintiffs did not *understand* that they were waived, and were not misled as to furnishing such proofs, *it was held* that there was no waiver.

2. But, where the property destroyed was owned by a married woman, and her husband signed and swore to the proof of loss as her agent, and on objection by the company to such proof, he offered, if the company would return the proof received, to have it corrected and executed by his wife, and thereupon the defendant refused to return it for amendment, or to specify other defects, *it was held* that such conduct ought to be accounted a waiver. or an estoppel.

3. Under the conditions of this policy, and the facts, that the husband procured and paid for the insurance, as his wife's agent, that he as such agent transacted all the business connected with the purchase and management of the property insured, and that his wife had no personal knowledge as to the property, the court think the proof of loss, though executed by such agent, was sufficient.

ASSUMPSIT upon a policy of insurance issued to the plaintiff, Katharina M. Findeisen, wife of said John G. Findeisen. Heard on a referee's report, April Term, 1884, TAFT, J., presiding. Judgment for the plaintiff.

The defendant's counsel claimed, with other claimed defects in the proof of loss, sufficiently stated in the opinion, that the magistrate's certificate attached to the proof was not in accordance with the conditions of the policy or the printed form of proof. The eighth clause of the conditions was :

" Persons sustaining loss or damage by fire, shall forthwith give notice of said loss to this company, and, as soon

thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property and their interest therein, for what purpose and by whom the building insured, or containing the property insured, and the several parts thereof, were used at the time of the loss, when and how the fire originated, and shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured, to the amount which such magistrate or notary public shall certify."

The proof was signed by " John G. Findeisen, Agt."; and immediately below the signature were the words, " Subscribed and sworn to before me. Cyrus W. Wicker, Justice of the Peace."

Next in order was the following blank certificate :

" Magistrate's certificate. I,                      residing in             most contiguous to the property hereinbefore described, hereby certify that I am not concerned in the loss or claim above set forth, either as a creditor or otherwise, or related to the insured or sufferers; that I have examined the circumstances attending the fire, or damage as alleged, and that I am well acquainted with the character and circumstances of the assured, and do verily believe that she has by misfortune, and without fraud or evil practice,.sustained loss and damage on the property insured to the amount of over three thousand dollars. In testimony whereof, I have hereunto set my hand and official seal this            day of           A. D. 18   "

The property insured was in a woolen mill which the plaintiffs had rented.

*Roberts & Roberts*, for the defendant.

The proof of loss was not in accordance with the conditions

of the policy. The signature and oath of the husband as agent are not sufficient.

There were special reasons in this case for requiring the oath of the assured. The fire was "supposed to be incendiary." The company was entitled to *her own* declaration and oath that " it did not originate by any act, design, or procurement on *her* part, nor in consequence of any fraud or evil practice done or suffered by *her.*" * No one could swear to this for her. *Spooner* v. *Vt. Mut. Ins. Co.* 53 Vt. 156; *Walsh* v. *Vt. Mut. F. Ins. Co.* 54 Vt. 351.

The so-called magistrate's certificate fails to conform to the conditions of sec. 8 of the policy, in many respects : (*a*) It is the private signature of Cyrus W. Wicker, and not official; (*b*) it is not under his " seal"; (*c*) if a magistrate at all, it does not appear that he was " nearest to the place of the fire."

Obtaining a proper certificate was a condition precedent to a recovery. May Ins. s. 466; *Worsley* v. *Wood,* 6 T. R. 710; 1 Benn. F. I. Cas. 53; *Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49; *Roumage* v. *Fire Ins. Co.* 1 Green, (N. J.) 110; *Leadbetter* v. *Ætna Ins. Co.* 13 Me. 265; *Ins. Co.* v. *Pherson,* 5 Ind. 417; 3 Benn. F. I. Cas. 753; *Ins. Co.* v. *Lawrence,* 3 Pet. 25. None of the defects were waived. *Donahue* v. *Ins. Co.* 56 Vt. 374; *Gauch* v. *Peiser,* 10 Fed. Rep. 347; *Goss* v. *St. Paul F. & M. Ins. Co.* 22 Fed. Rep. 74.

Insisting upon the first fundamental defect was not a waiver of other defects to follow. This could not be, since it was stated in the correspondence that there were other defects not intended to be waived.

The company was not bound to specify any defects in the proofs, nor to aid the plaintiff to make out her case, but leave her free to present it in her own way. A refusal to pay even (which there was not in this case), without assigning any reason therefor, is no waiver of such like defects. *See* cases cited above.

* The quoted words of this sentence were in the proof of loss sworn to by the husband.—REP.

*Whittemore & Wheeler* and *E. R. Hard,* for the plaintiffs.

Forfeitures are not favored, and policies are to be construed liberally in respect to the insured. *Mosley* v. *Ins. Co.* 55 Vt. 142. The declarations of Gray excused the plaintiffs from furnishing any preliminary proofs, if he had authority to waive the requirements of the policy in respect to such proof. Wood Ins. 717, 726; May Ins. 468, 503; *Norwich, &c. Trans. Co.* v. *Ins. Co.* 34 Iowa, 561; *Underhill* v. *Ins. Co.* 6 Cush. 440; *Vos* v. *Ins. Co.* 9 Johns. 192; *Francis* v. *Ins. Co.* 6 Cow. 404; *Taylor* v. *Ins. Co.* 9 How. 390; *Walsh* v. *Vt. Mut. F. Ins. Co.* 54 Vt. 351; *Noyes* v. *Ins. Co.* 30 Vt. 659; *Blake* v. *Ins. Co.* 12 Gray, 265; 17 N. Y. 428; *Ball & Gage Wagon Co.* v. *Ins. Co.* 13 Ins. L. J. 371; *Cornell* v. *Ins. Co.* 9 Wend. 163. Gray had such authority. *Ins. Co.* v. *Chicago Ice Co.* 36 Md. 102; Wood Ins. 721; May Ins. 126; *Taylor* v. *Ins. Co.* 5 N. H. 50. The court could *infer* that Gray had authority to waive. *Barber* v. *Britton,* 26 Vt. 113; *Abbott* v. *Camp,* 23 Vt. 650; *Bond* v. *Clark,* 47 Vt. 565. But if it was not a complete waiver of all preliminary proof, the specification of a single objection to the proof furnished, without particular mention of any other, is a waiver of all objections to the proof except the one specified. Wood Ins. 715, 718, 723; May Ins. 468; *Blake* v. *Ins. Co.* 12 Gray, 265; *Lewis* v. *Ins. Co.* 52 Me. 492; *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 385; 1 Benn. F. I. Cas. 576, 590 ; *Taylor* v. *Ins. Co.* 51 N. H. 50; *Walsh* v. *Vt. Mut. F. Ins. Co. supra; Mosley* v. *Vt. Mut. F. Ins. Co.* 55 Vt. 142; *McMaster* v. *Ins. Co.* 25 Wend. 370; 13 Am. Rep. 416. Refusal to return the proof was a waiver. May Ins. 469; *Turley* v. *N. A. F. Ins. Co.* 25 Wend. 374; *Cornell* v. *Ins. Co.* 9 Wend. 166. The proof sworn to by her agent was sufficient. May Ins. 463; Wood Ins. 694, 726; *Sims* v. *Ins. Co.* 47 Mo. 54; 4 Am. Rep. 312; *Kernochen* v. *Ins. Co.* 17 N. Y. 428; *Barnes* v. *Ins. Co.* 45 N. H. 21; *Ayres* v. *Ins. Co.* 17 Iowa, 176; *Ins. Co.* v. *Grayhill,* 47 Penn. St. 17; 16 Vt. 653.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an action of assumpsit on a policy of fire insurance, and comes up on the report of a referee, upon which the court below rendered a judgment for the plaintiffs.

The defendant relies upon various specified defects in the proof of loss submitted by the assured; and in reply it is insisted, first, that the declarations of Gray, the special agent of the company sent to adjust the loss, which were made to the plaintiff, John G. Findeisen, and were, according to the referee's findings, "that the claim against the company was worthless, and that the loss would not be paid, because he burned the property," amounted to a waiver of the proofs of loss required by the conditions of the policy.

It is established beyond question, that such requirements are for the benefit of the company and may be waived by it; and also that, being conditions of forfeiture, they are not favored by the law, and a waiver of them is often found on slight evidence. Thus, it has been held that an unqualified refusal by the company to pay the loss upon other specified grounds, made before the expiration of the time within which it was the duty of the assured, by the terms of the policy, to file his proofs of loss, is an act from which the triers may find a waiver of such proofs. *See* authorities cited in *Lyon* v. *Travellers' Ins. Co.* 31 Alb. L. J. 59; 20 N. W. Rep. 829; and in *Mosley* v. *Vt. M. F. I. Co.* 55 Vt. 142.

But it is equally well settled that a waiver is, as remarked by TAFT, J. in *Donahue* v. *Windsor County Ins. Co.* 56 Vt., on page 382, "an intentional relinquishment of a known right"; and that whether or not there has been a waiver is always a question of facts for the jury. *Donahue* v. *Ins. Co., supra; Home Ins. Co.* v. *Baltimore Warehouse Co.* 16 Am. Law Reg. 162; *Enterprise Ins. Co.* v. *Parisot*, 35 Ohio St. 35, and authorities *supra*.

In the case at bar, the referee was substituted for the jury as a trier of the facts; and he has found, that the company's agent did not *intend* to waive the proofs of loss, that Findeisen did not *understand* that they were waived, and that the plaintiffs were not misled or hindered in the matter of preparing and forwarding the proofs by what was then said by the agent. These findings of fact conclusively *negative* a waiver at that time; and it does not become necessary to consider the question of the authority of the agent. The right of the triers of fact to find a waiver of proofs of loss from a previous positive denial of liability upon other specified grounds, is based by the authorities upon the ground that from such a refusal the assured may well consider the furnishing of proofs a needless trouble and expense.

The plaintiff, John G. Findeisen, seasonably proceeded to make out and forward to the company a proof of loss, which is made a part of the case, and which he signed and swore to as agent for his wife, who was the owner of the property insured, and who was named in the policy as the person insured. It is claimed by the defendant that this proof of loss was not a compliance with the conditions of the policy; and the first objection made is, that it should have been signed and sworn to by the wife herself; while, on the other hand, the plaintiffs insist that the proofs were properly executed and verified by the husband in his capacity as agent; and further, that by specifically objecting to the proofs, when filed, because of their execution by the husband, and declining to return them for execution by the wife, or to specify the other objections now raised, the defendant must be treated as having waived them, or be held estopped to now insist on them.

The policy provides, by the 8th clause of the conditions, that "persons sustaining loss of damage by fire shall forthwith give notice of such loss to this company, and as soon thereafter as possible, render a particular account of such

loss, signed and sworn to by them," and containing the matter by that condition prescribed.   There is no more specific provision than this as to the *person* whose signature and oath are required to the proof of loss; but it is afterwards prescribed that "the assured" shall do certain things with reference to the property, submit to examination if required, &c. ' It appears, that the plaintiff, John G., acting as agent for his wife, transacted all the business connected with the purchase and management of the property insured, the renting of the building in which it was, and the business in which it was used; and that he, as such agent, procured the insurance and paid for it.   In the matter of the application, if any were made, and the issuance of the policy, the company, then, dealt with and treated John G. as the agent and representative of his wife; and received from him in such capacity the consideration upon which the contract rests.   The 10th clause of the conditions provides, that "it is a part of this contract that any person other than the assured, who may have procured this insurance to be taken by this company shall be deemed to be the agent of the assured "—a condition manifestly inserted for the benefit of the company.

Under the terms of the contract, the facts shown, and the further fact found by the referee that the female plaintiff had no personal knowledge as to the property in the mill at the time of the fire—one of the most important things required to be set forth in the proof of loss—it is difficult to find any sound reason, either in the contract itself or in law, for holding that the signature and oath of John G. Findeisen, as agent for his wife, the person insured, and whose full authority to act in that capacity in respect of all the acts performed by him is not questioned, was not entirely sufficient.   Certainly the company could not have been prejudiced by the fact that the proof was executed by the agent instead of the principal; because objections to the sufficiency of the proof as offered could be specified and in-

sisted upon, together with that one, just as well with his signature and oath upon it as hers; and if the personal testimony of the assured were desired for any reason, as suggested in the brief, it could have been required by the company under the 7th condition, above referred to, and on refusal to submit to such examination a forfeiture of the policy could have been insisted on. We should, therefore, be strongly disposed to hold that the execution of the proof of loss, in this case, was entirely within the power of an agent, the scope of whose authority from his principal is not in question, and that the maxim, *Qui facit per alium, facit per se*, applies. *See* authorities cited upon plaintiffs' brief.

But even this is not necessary. It appears from the correspondence attached to the referee's report, that John G. Findeisen, with all reasonable promptness, upon being advised that the company objected to the proof of loss forwarded by him, offered, if they would return the same, to make it satisfactory in all respects wherein the company would specify that it was faulty or insufficient, and have the corrected and amended proof executed by the wife, if the company required that to be done. No satisfactory reason appears for the refusal of the company to comply with this request and offer. If it thought proper to wholly reject the paper forwarded and refuse to consider or treat it as a proof of loss in any sense, we are aware of no principle upon which it could sustain an arbitrary right to retain it as against Findeisen. He could reasonably insist upon its return; and we think the refusal of the company to return it upon request, for the purposes named, Findeisen offering to remedy the only objection to it which was specifically pointed out, and its further refusal to point out the other defects which it purposed insisting upon on request, and in such manner as to give the plaintiffs opportunity to seasonably furnish a proof of loss which *should* satisfy the company and the requirements of the policy, as they offered

to do, ought to be held a waiver by the defendant of the objections now sought to be insisted on, or else to estop the defendant from now urging any of said objections. It was such conduct as might well have had a tendency to prevent the plaintiffs from furnishing a proof of loss to which the company could not have made objection, either on the score of seasonableness, or upon some other ground, technical or substantial.

We come to this conclusion the more readily in view of the fact that there is nothing in the case, as presented, even tending to show that anything complained of by the defendant has prejudiced it·in the least; or that any objection suggested to the proof of loss is other than purely technical. We believe the true principle of the law is well stated in *Appleton Iron Co.* v. *British American Assurance. Co.* 46 Wis. 23, where the court say: "When a forfeiture of an insurance policy is alleged on merely technical grounds, not going to the risk, the contract of insurance will be upheld, if it can be, without violating any principle of law."

The judgment is affirmed.