## EAST TEXAS FIRE INSURANCE COMPANY V. H. HARRIS.

### No. 672.

**Insurance—Iron Safe Clause.**—In an insurance policy was the clause: "The assured under this policy hereby covenants and warrants to keep a set of books showing a complete record of the business transacted, * * * and to keep such books and inventory securely locked in a fire-proof safe, * * * or in some secure place not exposed to a fire." Such books, etc., were kept, and in such a safe. A fire breaking out, the chief clerk of the establishment, fearing their destruction, took them from the safe, and in escaping from the flames dropped them, and they were destroyed. *Held:*

1. The assured having the alternative right to keep the books, etc., in a place of safety other than in a safe, he had also the right to take them from the safe and remove them to such other place; and if in doing so he exercised due care and they were lost, then there was no breach of the warranty.

2. The attempted removal under the circumstances was not negligence, and a recovery was proper.

APPEAL from Lee. Tried below before Hon. BEAUREGARD BRYAN.

*Whitaker & Bonner*, for appellant.—The court erred in holding that there had been a compliance on the part of plaintiff with the clause in his policy known as the "iron safe clause," it appearing from the evidence that a part of the books, together with his last inventory, had been destroyed in the fire which consumed the property insured under said policy, and also that he failed to produce said books and inventory, as required by said clause. The "iron safe clause," as contained in this policy, is a warranty on the part of the assured and a precedent to his recovery. Ins. Co. v. Camp, 64 Texas, 521; Ins. Co. v. Dyches, 56 Texas, 565; May on Ins., secs. 156–158; Wood on Ins., secs. 150, 179–182, 190, 191.

If this clause is a warranty, then a failure to comply therewith renders the policy null and void, unless said failure to comply with its terms

was brought about by the insurer, the intervention of the law, or the act of God.   May on Ins., sec. 156; Wood on Ins., secs. 150, 179–182, 190, 191.

*Ed. R. Sinks*, for appellee.—1. An "iron safe clause" attached to a policy is not binding on the assured, although it refers to the policy by number.   Ins. Co. v. Brin, 3 Ct. App. C. C., sec. 333.

2. When the books are kept as provided in the "iron safe clause," and the assured keeps them in an iron safe, a failure to produce them will not violate the policy, if the evidence shows that they were lost without negligence on the part of the assured.   Ins. Co. v. Jones, 15 S. W. Rep., 1034.

KEY, ASSOCIATE JUSTICE.—Suit by appellee against appellant upon an insurance policy.   Appellant pleaded a breach of the iron safe clause, charging that said clause constituted a warranty, and that its breach was fatal to appellee's right to recover.

*Conclusions of Fact.*—1. The fire insurance policy, executed by the defendant for the amount and in the terms and of the purport described in the plaintiff's petition, was in evidence.

2. It was shown that the property covered and insured by said policy was destroyed by fire at the time and place and in the manner alleged by the plaintiff in his petition, the amount so destroyed being sufficient to entitle plaintiff to recover the full amount of the policy.

3. Immediately following the amount of insurance, location, and other description of the property insured, the policy contains the following clause:   "The assured under this policy hereby covenants and warrants to keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit, together with the last inventory of stock insured; and further covenants and warrants to keep such books and inventory securely locked in a fire-proof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where such business is carried on; and in case of loss, the assured warrants and covenants to produce such books and inventory, and in the event of the failure to produce the same, this policy shall be null and void, and no suit or action shall be maintained thereon for any such loss. This form is attached to and constitutes the written and descriptive portion of policy 80,339 of the East Texas Fire Insurance Company, of Tyler, Texas.   E. A. Burns, Agent."   And among the printed clauses of said policy is the following:   "And it is hereby mutually understood and agreed by and between this company and the assured, that this policy is made and accepted upon and with reference to the

foregoing terms and conditions printed in the body of this policy, together with such other special conditions and clauses, written or printed, as shall be attached to or referred to or contained in this policy, all of which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases; and that the said terms, conditions, or clauses can not be waived or altered by any agent of this company."

4. The plaintiff kept all the books required by said clause of the policy, showing all the facts thereby required, in a fire-proof iron safe, as required, in the storehouse where he did business, and where the property was burned.

5. Said books were locked up in said safe at the time of the fire in question; but M. Harris, appellee's chief clerk and bookkeeper, fearing that the safe would not be able to withstand the fire, and that the books would be destroyed if left in the safe, while the fire was in progress opened the safe and took therefrom said books and inventory and other papers belonging to the plaintiff, intending to remove them to a place of safety; and while so doing persons outside of the building called to him to come out, as the walls were falling; when so called he had said books, papers, and inventory in his arms, and as he ran out of the burning building some of them fell from his arms and were destroyed by the fire. The documents and books so destroyed included the plaintiff's last inventory of stock, and the merchandise account showing the goods purchased by plaintiff, and his cotton book and cotton calculation.

6. Said inventory was shown to E. A. Burns, the defendants' agent who procured said insurance, at the time the policy was issued.

7. The plaintiff proved, that on December 22, 1891, the defendant denied its liability, and declined to go into an adjustment of the plaintiff's loss.

*Conclusions of Law.*—Appellant contends that the court erred in holding that appellee had complied with the clause in his policy known as the iron safe clause, and which is set out in full in our findings of fact. In our opinion, the holding is correct. If it be conceded that the clause referred to constitutes a warranty, we do not think the facts show, as contended by appellant, that it was broken. It did not require appellee absolutely and unconditionally to keep his books in a fire-proof safe. It required him to keep them in such a safe, or in some secure place not exposed to a fire that would destroy the house where his business was carried on. Having the alternative right to keep them in a place of safety other than in a safe, he also had the right to take them from the safe and remove them to such

other place; and if he exercised due care in so doing, and they were lost, there is no breach of warranty.

The trial court filed no conclusions of fact or law; but we presume it held, that the attempted removal of the books at the time of the fire was not negligence; and we are not prepared to say that such holding was wrong.

Although a literal reading of the policy would apparently justify such a construction, we do not think that it was intended by the parties that the mere failure to produce the books and inventory, although kept in the manner and at a place required, should forfeit all appellee's rights under said policy. For instance, if he had kept them securely locked in a fire-proof safe, and, without fault on his part, burglars had blown open the safe and stolen them, his failure to produce them at the trial would not have breached his warranty, if warranty it be.

The court below rendered the proper judgment, and it will be affirmed.

*Affirmed.*

Delivered March 21, 1894.