GERMAN-AMERICAN INSURANCE COMPANY v. J. B. WATERS.
No. 1235.

1. **Iron Safe Clause in Insurance Policy.**—The iron safe clause, by which the assured covenants to keep a set of books showing a complete record of business, * * * and to "keep such books and inventory securely locked in a fire-proof safe at night," etc., if disregarded, operates as a defense to suit upon the policy, unless the breach is waived by the insurance company.

2. **Waiver.**—A waiver of a condition broken can not be made unless the breach be known, as no one can waive what is unknown to him. A pleading setting up the waiver is defective unless knowledge of the breach is alleged.

3. **Same—Agent.**—Where acts of an agent are relied on as a waiver against the principal, the agent must have power to bind the principal in the matter.

4. **Same—Acts by Unauthorized Agent.**—An agent for procuring insurance, and having no power to bind the company in the matter of losses, after a fire requested a member of a law firm to take charge of the debris and sell it. The law firm sold the property for $30, no part of which was received by the insurance company. *Held*, that the facts did not constitute a waiver of the iron safe clause alleged to have been broken.

WRIT OF ERROR to County Court of Bell County. Tried below before Hon. JOHN M. FURMAN, County Judge.

*Morgan & Thompson,* for appellant.—1. The petition in this case failed to allege any notice to defendant of the plaintiff's breach of the iron safe clause at the time of the sale of the debris of the burned stock, by which sale it is alleged defendant waived its right to defend under said iron safe clause, and this defect in the petition having been called to the court's attention, both by general and special demurrer and in the motion for a new trial, it was reversible error to render judgment in favor of plaintiff upon said petition. Ins. Co. v. Harris, 25 S. W. Rep., 720; Goddard v. Ins. Co., 67 Texas, 69; Assur. Co. v. Altheimer, 25 S. W. Rep., 1069; Landman v. Ins. Co., 19 Ins. L. J., 572; Creyler v. Ins. Co., 49 Mo. App., 11; Fitzpatrick v. Ins. Co., 53 Iowa, 335; Ryan v. Ins. Co., 46 Wis., 671; Donahue v. Ins. Co., 56 Vt., 374; Findieson v. Ins. Co., 57 Vt., 520; Devens v. Ins. Co., 83 N. Y., 168; Parks v. O'Connor, 70 Texas, 377; Biddle on Ins., sec. 1053; May on Ins., secs. 506, 507.

2. There can be no implied waiver of a forfeiture resulting from the breach of a contract, unless at the time of the acts from which the alleged waiver is sought to be implied, the party alleged to have waived such forfeiture had notice of the fact that the contract had been breached, and inasmuch as the uncontroverted testimony in this case showed that at the time of the alleged waiver the defendant did not have any notice of the fact that plaintiff had violated the iron safe clause, the jury should have been instructed to find for the defendant, and their verdict for plaintiff should have been set aside.

No brief for appellee reached the Reporter.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover $500 on a fire insurance policy of the latter to the former, of date March 14, 1892, alleging that the fire destroying the insured property occurred February 22, 1893. The policy was attached to the petition as an exhibit, and made a part of the same. The petition contains the usual allegations of loss by fire, liability, and proof of loss. It shows that the policy contained the clause known as the "iron safe clause," viz: "The assured under this policy hereby covenants and warrants to

keep a set of books, showing a complete record of business transacted, including all purchases and sales both for cash and credit, together with the last inventory of stock insured; and further covenants and warrants to keep such books and inventory securely locked in a fire-proof safe at night and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where such business is carried on; and in case of loss the assured warrants and covenants to produce such books and inventory; and in the event of a failure to produce the same this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss." The petition also shows, that the assured did not know of the stated clause in his policy, and that if he had known of it he would have complied with its terms, but not knowing of it, he failed to do so, and that such failure was without intent to injure defendant. The petition avers, that the defendant's agents after the loss by fire took possession of the salvage and sold the same for $30, and by so doing waived the performance of the stipulations in the said clause of warranty and waived the forfeiture provided for, and that defendant was estopped from setting up the same in bar of the action.

Defendant below (the insurance company) filed a general demurrer to the petition, and specially excepted to the same as setting up waiver and estoppel of defenses of forfeiture, because the petition does not show that defendant was aware of the defenses at the time of the waiver. In addition to general denial and other defenses, the defendant set up the aforesaid iron safe clause of the policy, and the breach thereof.

The court below overruled the demurrer and special exception to the petition, and upon trial by jury rendered judgment for the plaintiff—the assured—for $500, with 6 per cent per annum interest thereon from date of the fire.

Defendant has brought the case to this court by writ of error, and assigns as error the action of the court in overruling the demurrer and special exception to the petition, and in refusing a new trial upon the ground that the evidence failed to show that the agent of defendant alleged to have waived the forfeiture had authority to waive the same, or that such agent or agents knew of the violation of such clause at the time they took possession of the debris of the property not entirely destroyed by the fire and appropriated the same, and because there was no evidence of a ratification of the acts of the agents by the company.

We think the assignments of error should be sustained. The proof showed that the iron safe clause was not complied with, and tended to show that Pratt, who was the agent of the company for the purpose of procuring insurance, only authorized Cannon, a member of the firm of Davis, Pratt & Cannon, attorneys at law, to take charge of some debris left after the burn and to sell it, and that Cannon did sell it,

and this was relied upon as a waiver; but the proof also shows that Pratt was not authorized by the company to act for it after loss by fire, and that neither Cannon, Pratt, nor the company, at the time Cannon took possession of the salvage, knew that the iron safe clause of the policy had not been complied with. The evidence also failed to show that the company ever received the proceeds of the debris, or had otherwise ratified the acts of Cannon. No one can waive a right the existence of which is unknown to him. The same principle applies to estoppel and ratification—there can be no estoppel or ratification without knowledge of the facts. 2 May on Ins., 506; Donahue v. Ins. Co., 56 Vt., 374; Findeison v. Ins. Co., 57 Vt., 520; Devens v. Ins. Co., 83 N. Y., 169; Reese v. Medlock, 27 Texas, 124; Etheridge v. Price, 73 Texas, 601; Biddle on Ins., 1053; Ins. Co. v. Lacroix, 45 Texas, 169; Ins. Co. v. Harris, 25 S. W. Rep., 720. Even if Pratt had waived a breach of the alleged covenant, it would not have been binding upon the company, as he had no authority to act for it in the matter, and of course could not confer such power upon Cannon. 1 May on Ins., 133. Knowledge of facts on the part of an agent outside his power to bind his principal is not notice to or binding upon the latter. Devens v. Ins. Co., 83 N. Y., 169.

The court below submitted to the jury the question of breach of the alleged warranty, and instructed them that its violation would render the policy void, unless it should appear that defendant, with knowledge of the breach, took possession of the injured goods and sold or appropriated them. The court also instructed the jury as to the ratification with knowledge of the facts to be ratified. We have no fault to find with the law as charged by the court, but we must hold that there was no testimony authorizing the charge as to waiver, estoppel, or ratification. Nor does it appear that the agent whose acts are relied upon as a waiver had authority to perform the acts. Hence we must hold that the verdict of the jury was without evidence to support it, and that it should have been set aside on motion of defendant.

The petition, having admitted the breach of the warranty, attempted to avoid by averment of waiver, but, having failed to allege that the waiver was made with knowledge of the breach, it was imperfect, and subject to the special exception made to it. There was error in overruling the special exception. If, therefore, the iron safe clause was in fact a part of the policy, the judgment should be reversed and the cause remanded, because of the defect in the petition pointed out by the special exception to it, and because the verdict was without evidence to support it upon the questions of waiver, estoppel, and ratification; and it is so ordered.

*Reversed and remanded.*

Delivered April 17, 1895.