AMERICAN CENT. INS. CO. v. HUSTON.*
(No. 2866.)

(Court of Civil Appeals of Texas. Texarkana. March 13, 1924. Rehearing Denied March 27, 1924.)

1. Insurance �266⟷544—Breach of stipulation requiring production of books after fire valid defense.

Breach of stipulation requiring insured to produce books for examination by insurer after fire is valid defense to action on policy, unless waived.

2. Insurance �266⟷556(1)—Local agent with usual authority held not authorized to waive forfeiture.

Local agent of fire insurance company, with only usual authority of such agents, cannot bind company after loss by waiver of forfeiture for breach of stipulation as to production of books.

3. Insurance �266⟷544—Recovery for loss of fixtures, etc., held not affected by failure to produce books showing stock of merchandise.

Insured's right to recover for loss of store fixtures and furniture held not affected by breach of stipulation as to production of books showing stock of merchandise destroyed.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by A. Huston against the American Central Insurance Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

By its policy issued April 20, 1920, appellant insured appellee in the sum of $1,600 against loss by fire of a stock of merchandise, and in the sum of $400 against loss by fire of certain store furniture and fixtures, during a period beginning on said April 20, 1920, and ending April 20, 1921. The property so insured was destroyed by fire May 18, 1920. Alleging that appellant had failed to comply with its undertaking to indemnify him as stated, appellee sought by this suit against appellant to recover the amount of such indemnity. A defense urged by appellant, and the only one important to state in disposing of the appeal, was based on a stipulation in the policy that it should be void if the insured failed to make inventories as specified, or failed to keep a set of books as specified, or, having made such inventories and kept such books, failed to produce same for examination by appellant in the event of a loss. Appellant charged in its answer that appellee did not make and keep and after the fire produce inventories and books as stipu-

lated; that the policy therefore was void; and hence, that it was not liable to appellee as claimed by him. Appellee in reply alleged that if he had violated the stipulation as charged by appellant the latter had waived any right it had to claim anything on account of such violation. Special issues were submitted to the jury, and, their findings thereon being in appellee's favor, he was awarded a recovery against appellant for the amount he sued for.

Morris, Sewell & Morris, of Houston, for appellant.

Norman, Shook & Gibson, of Rusk, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] We think it conclusively appeared from the testimony that appellee breached the stipulation in the policy referred to in the statement above, in that if he kept a set of books as specified he did not produce same after the fire for examination by appellant. Testifying as a witness, he stated that the books he kept were left on a desk in his store, and were destroyed by the fire. "There was nothing left," he said, "from that fire in the way of books or records that disclosed the condition of my business which was destroyed, except that I had an inventory of the stock of goods at the house (meaning his residence). That inventory was all I had. Everything else in the way of books and records were destroyed."

The breach of the stipulation by appellee was a valid defense against the recovery he sought, so far as it was for the $1,600 indemnity for loss of the merchandise (McPherson v. Ins. Co. [Tex. Com. App.] 222 S. W. 211; Ins. Co. v. Foster [Tex. Civ. App.] 192 S. W. 811); and therefore the judgment, so far as it is for the $1,600, is wrong, unless it is true, as appellee insists it is, that there was testimony warranting a finding that appellant waived the breach.

[2] The testimony relied upon was that of appellee as a witness in his own behalf and that of one Mott, appellant's local agent at New Waverly, where appellee was engaged in business, and where the policy was issued. Appellee testified that on the day after the fire occurred Mott helped him prepare written "proof of loss," and assured him then and later that appellant would pay the amount of the loss "right away." He testified further that the proof of loss prepared as stated was at once sent to appellant's general agents at Houston; that he turned over to Mott an inventory he made of his stock a short time before the fire occurred, and memoranda as to goods bought and sold by him after the inventory was taken, and before the fire occurred; that thereupon Mott told him that he had sufficiently complied with the stipulation in question; and that, relying on what Mott said, he had in-

curred expense in efforts he made to collect of appellant the amount he claimed it owed him. He further testified that he never communicated with appellant in regard to the loss except through Mott, and never knew why appellant had not paid him the amount of the policy until a short while before he commenced this suit, when he was informed by Mott that appellant claimed he had not furnished "proof of loss" as required by the policy. And he further testified that he never knew until the case was tried that appellant claimed anything on account of his failure to comply with the stipulation in question. After stating that the authority he had to bind appellant was only that ordinarily possessed by the local agent of an insurance company, Mott testified that after the fire he turned over the inventory and memoranda referred to in appellee's testimony to one Tarlton, who was appellant's agent to adjust loss caused by the fire, and that Tarlton afterward refused to return the inventory and memoranda to him, claiming that same belonged to appellant. He further testified that in November after the fire Tarlton claimed that appellee had never furnished appellant "proof of loss" as required by the policy, and that Tarlton also claimed that appellee had not complied with the stipulation in question.

Unless appellant was bound by the statements and conduct of Mott testified to by appellee, it is plain, we think, that a finding that appellant had waived the right it had to assert a forfeiture by appellee of his rights under the policy was not warranted by the testimony referred to. Appellee insists that appellant was so bound, and refers to Insurance Co. v. Baird (Tex. Civ. App.) 187 S. W. 356, as supporting his contention. But the question in that case was not, as here, one as to whether an agent of a fire insurance company, with only the authority ordinarily possessed by the local agent of such a company, can bind it after a loss occurs by a waiver of a forfeiture it has a right to assert. That question was determined, and we think correctly, to the contrary of appellee's contention in Finleyson v. Ins. Co., 16 Ga. App. 51, 84 S. E. 311, and Lippman v. Ins. Co., 120 Ga. 247, 47 S. E. 593.

[3] While, as indicated, we think the judgment was not warranted so far as it was in appellee's favor for the $1,600 indemnity on account of the stock of merchandise, we think it was warranted so far as it was for the $400 on his store fixtures and furniture. The stipulation in question did not apply to the fixtures and furniture, and therefore appellee's failure to comply with its requirements did not affect his right to recover the $400. Ins. Exchange v. Trading Co. (Tex. Com. App.) 229 S. W. 312; Boatner v. Ins. Co. (Tex. Com. App.) 241 S. W. 136.

The judgment will be reformed so as to adjudge a recovery in appellee's favor of only the $400, and interest thereon from July 18, 1920, as prayed for, and as so reformed will be affirmed.