JOHN BROWN v. WESTCHESTER FIRE INSURANCE COMPANY.

No. 373.   (58 Pac. 276.)

1. FIRE INSURANCE—*Mortgaged Property—Forfeiture.* Where an insurance policy provides that it shall be void " if the subject of the insurance be personal property . . . and be or become encumbered by a chattel mortgage," *held*, that the execution of a chattel mortgage several days after the policy of insurance is written and delivered, without the consent of the insurer, is sufficient to avoid the policy.

2. ——— *Waiver.* The facts stated in the pleadings set forth; *held*, that they are not sufficient to constitute a waiver of that clause in the insurance policy which provides that it shall be void "if the subject of insurance be personal property . . . and be or become encumbered by a chattel mortgage.";

Brown v. Insurance Co.

Error from Franklin district court; A. W. Benson, judge.  Opinion filed September 19, 1899.  Affirmed.

*Deford & Deford*, for plaintiff in error.

*C. A. Smart,* and *F. M. Harris,* for defendant in error.

The opinion of the court was delivered by

Schoonover, J. : This is an action commenced in the district court of Franklin county upon a policy of insurance.  The trial court rendered judgment for the defendant upon the pleadings.  The plaintiff below brings the case here for review.  The pleadings are too long to be set forth in this opinion.

The defendant alleged in its answer a breach of that clause of the policy which provides that the policy shall be void "if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage."

The petition and reply stated facts tending to show a complete waiver of this clause.  The facts as stated by plaintiff in error in his brief are, in substance, as follows :  John Brown, on October 9, 1894, obtained a loan of $300 from the People's National Bank, of Ottawa, Kan., on his note, secured by a chattel mortgage on certain wheat, and further to be secured by a policy of insurance on same.  The bank's officer requested Brown to go down-stairs into F. R. Miller's office and secure a policy from him.  Mr. Miller was an insurance agent, having his office in the basement of the bank, and was accustomed to issue policies to be put up with the bank as collateral.  Brown accordingly went to Miller's office and requested him to issue a policy on the wheat, and paid the premium for it in

advance, $3.20.    Miller asked the plaintiff how much
wheat he had, where it was, its condition and value.
Plaintiff answered these questions, and Miller then
told him he would insure it for $400 for $3.20, which
Brown then paid, at the same time asking Miller to
put his insurance in a good company, to which he
replied that he had no others.    Mr. Miller put no
questions to Brown whatever, further than above
stated.    Nothing was asked as to whether or not the
wheat then was or would afterward be encumbered ;
nor did he say anything indicating that such insur-
ance would be conditional on its not being then, or
subsequently, encumbered.    Brown had, a few min-
utes before his interview with Miller, mortgaged the
grain to the bank, and on October 17, 1894, he put a
second mortgage on it.    He was a farmer, had never
read an insurance policy in his life, and was not aware
that such policies ever contained stipulations against
encumbrances.    He never saw this policy until after
the wheat was burned.    Miller made it out shortly
after Brown left his office, and forthwith delivered it
to the bank.    There it remained until after the fire,
when Brown paid off the note, and took it up with the
policy.    The bank held the policy as collateral to
Brown's note, and knew nothing as to the interview
between him and Miller.    Its officers never read the
policy.

In our opinion these facts are not sufficient to con-
stitute a waiver of the provisions of the policy.    The
second mortgage placed upon the property several
days after the policy had been written, without the
knowledge or consent of the insurer, is sufficient to
avoid the policy.    In the case of *Insurance Co. v. Sain-
don*, 53 Kan. 623, 36 Pac. 983, the supreme court said :

" Where an insurance policy provides against fu-

ture encumbrances, the policy may be avoided if a subsequent encumbrance is created, or if the encumbrances existing at the time of the application for the insurance are materially increased by a new or additional debt, but a mere subsequent renewal of a prior lien or mortgage, with accrued interest, is not an increase of such preexisting indebtedness or the creation of a new or an additional encumbrance."

The judgment of the district court is affirmed.