LION FIRE INSURANCE COMPANY OF LONDON V.
W. D. WICKER ET AL.

No. 874.   Decided March 5, 1900.

**1.   Fixtures—Question of Fact.**

One who for seven years occupied land belonging to his sister-in-law without paying rent, erected a granary thereon, no agreement giving him a right to remove it being shown; this did not disprove his ownership as matter of law, and a finding by the trial court that there was a tacit understanding that the building should be his property could not be reviewed by the Supreme Court. (P. 398.)

**2.   Insurance—Case Followed.**

The rulings in Insurance Co. v. Wicker, ante, p. 390, followed. (P. 398.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

*Crane & Greer,* for plaintiff in error.—The court erred in finding that L. D. Smith had agreed for plaintiff Hamner to erect the granary on her land and that it was tacitly understood between said Hamner and said Smith that said granary should be the property of Hamner, because there is no evidence to the effect that he had such consent and no evidence that it was understood that the granary should be the property of said Hamner; on the contrary, the facts show in said findings that the rental value of said land far exceeded the value of all the improvements that said Hamner had put thereon, nor is there any evidence as to his intention in respect to said granary.

There was no evidence that L. D. Smith made any agreement with Hamner in respect to the erection of the granary. Nor was there any evidence that Hamner and Smith tacitly understood that the granary should be the property of plaintiff Hamner. On the contrary it was shown by Hamner's testimony that he was practically without a rental contract and without authority to make the improvements except at his own risk. On this point Hamner testified on cross-examination that he had no contract with Mrs. L. D. Smith or agreement by which he was to be permitted to remove the granary from the land on which it was situated. The facts would tend to show that he had no such authority, because his testimony on the subject was substantially as follows: That all of the taxes and improvements for which he had paid for the seven years that he had occupied Mrs. Smith's land amounted in the aggregate to $2100; and the reasonable rental value of the same land for the same period amounted to $6300; and that therefore the outlay that he made on the land lacked $4200 of equaling the rental value of the land. He had paid no rent. Muir v. Jones, 19 Law. Rep. Ann., 443.

*W. T. Allen* and *Geo. E. Miller,* for defendants in error.

BROWN, ASSOCIATE JUSTICE.—Plaintiff in error challenges the fourteenth conclusion of fact filed by the trial court, to the effect that at the

time the policy was issued and when the loss occurred Hamner was the unconditional owner of the granary building. We can not say as a matter of law that Hamner did not own the building because he did not have title to the land. The circumstances were such that the judge might have inferred consent of the owner of the land for Hamner to place the building there for use during his occupancy of the land and to remove it when he should surrender possession. The question of fact was conclusively settled by the Court of Civil Appeals. All other questions are determined against plaintiff in error in our opinion filed this day in the case of Insurance Company of North America v. W. D. Wicker.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*