### INTERSTATE FIRE INS. CO. v. SORRELLS. (No. 526.)

Court of Civil Appeals of Texas. Waco.
May 12, 1927.

**1. Insurance ☞330(I)—Statute prohibiting defense to action on fire policy on ground of incumbrances held inapplicable to theft policy (Rev. St. 1925, art. 4890).**

Rev. St. 1925, art. 4890, prohibiting defense to action on fire policy on ground that property was incumbered when insured or thereafter became incumbered, has no application to theft policy.

**2. Insurance ☞330(I)—Conditions forbidding incumbrances and declaring policy void in case of breach are valid, in absence of contrary statutory provisions.**

In absence of contrary statutory provisions, conditions in insurance policy forbidding incumbrances and declaring policy void in case of breach thereof are valid.

**3. Insurance ☞113—Assignee of purchase-money note, taking out automobile theft policy in purchaser's name, held purchaser's agent, so as to charge him with notice of provisions respecting incumbrances.**

Investment company, taking out automobile theft policy payable to purchaser of car, to whom premium was charged and policy subsequently delivered, held purchaser's agent, so as to charge with notice of provisions respecting incumbrances when he gave mortgage thereon, though company took out policy primarily for its own protection as owner of purchase-money note, and insured had never seen policy and had no actual knowledge of such provisions at time of giving mortgage.

**4. Insurance ☞377(2)—Registration of mortgage on automobile held not binding notice to theft insurer of giving thereof.**

Registration of mortgage on automobile held not binding notice to insurer of giving thereof in violation of provision in theft insurance policy.

**5. Insurance ☞645(3)—Insured not pleading failure to tender unearned premium as waiver of provision invalidating policy because of subsequent mortgage cannot rely thereon.**

Insured, not pleading insurer's failure to tender unearned premium as waiver of provision of automobile theft policy rendering it void because of subsequent mortgage, cannot rely thereon.

**6. Insurance ☞392(II)—Failure to tender unearned premium held not waiver of provision invalidating policy because of subsequent mortgage.**

Insurer's failure to tender unearned premium held not a waiver of provision rendering automobile theft policy void because of subsequent mortgage.

**7. Insurance ☞146(I)—Courts will construe and enforce unambiguous contracts with insurance company as if made between natural persons.**

While courts will construe language of insurance policy and especially forfeiture clause therein most strongly against insurer and in such manner as to protect insured, if susceptible of such construction, contract with insurance company, which is unambiguous in its terms, will be construed and enforced as if made between natural persons.

**8. Insurance ☞330(I)—Automobile theft policy held invalidated by insured's breach of clear provision against additional incumbrances by giving additional mortgage.**

Automobile theft policy, clearly providing that it would become wholly void if additional incumbrance was placed on insured property without insurer's written consent, became void on insured's breach of such condition by placing additional mortgage on property without insurer's knowledge or consent.

Appeal from Kaufman County Court; Chas. Ashworth, Judge.

Action by L. O. Sorrells against the Interstate Fire Insurance Company, in which Wynne & Wynne intervened. From a judgment for plaintiff and interveners, defendant appeals. Reversed and rendered.

Davis, Johnson & Carter, of Dallas, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

STANFORD, J. Suit by appellee against appellant to recover $340 on an insurance policy, issued by appellant on appellee's automobile to protect appellee from the loss of

---

said car by fire and theft. Appellee alleged that his car was stolen on August 28, 1925, while said policy was in effect, and that said policy insured him against any loss on account of the theft of said car. Appellant answered by general demurrer, general denial, and also specially pleaded a provision of the policy as follows: "If the property shall become otherwise incumbered in any way whatever, by lien of any amount whatever * * * said policy shall be wholly void"— and alleged that, contrary to the provisions of said policy and while same was in full force, appellee executed to Wynne & Wynne, of Kaufman, Tex., a note for $333 and secured same by a chattel mortgage on said car, and that no notice was given appellant of said mortgage, etc. Messrs. Wynne & Wynne intervened and set up said $333 note and also the last installment of $106.17 of the Conner Investment Company debt which they had taken up, and prayed judgment on both. The case was tried before the court without a jury on an agreed statement of facts, the material part of which will be set out in the course of this opinion, and judgment rendered for appellee and interveners for the amount sued for.

The agreed statement establishes the following facts: That appellee Sorrells purchased the car October 24, 1924, and gave the vendor a note for $310.94, payable in three installments, the last installment being for $94, due April 15, 1925, said $310.94 note secured by a chattel mortgage on said car; that about the time this note was given the Conner Investment Company of Dallas, Tex., took same up, adding to the amount a sufficient amount to purchase a policy of insurance on said car, and about the same date said Conner Investment Company had issued the policy sued upon protecting said car against loss by fire and theft in the sum of $340. This policy was payable to appellee, but with loss, if any, payable to the Conner Investment Company as owner of said notes as their interest might appear, and more especially to cover a chattel mortgage for the sum of $319.94, this rider being attached to the policy and made a part thereof, said rider setting out further that:

"If the property shall become otherwise incumbered in any way whatever, by lien of any amount whatever, or if any of said notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before ten days after maturity thereof without grace, said policy shall be wholly void."

About April 15, 1925, appellee, without ever having seen this policy of insurance or knowing the terms thereof, made and executed to Wynne & Wynne, of Kaufman, Tex., a chattel mortgage on said car to secure an indebtedness of $333, which was duly filed in the proper records of Kaufman county, Tex. About June, 1925, the last payment of the note for $310.94, the same being, with inter-

est added, $106.17, was paid by Wynne & Wynne, the money being advanced by them to take up the last payment on said note of the Conner Investment Company, which assigned same to them. There was no actual notice given appellant of the mortgage by appellee to Wynne & Wynne. The automobile insured was lost by theft August 28, 1925, during the current year covered by the policy, and for which the premium had been paid to appellant for said policy. If the policy became void by the execution of the second mortgage on April 15, 1925, then the unearned premium was $5.20, which amount appellant has never tendered to appellee nor to the Conner Investment Company. No part of the note of Wynne & Wynne for $333, secured by the second mortgage, has been paid. Neither has any part of the $106.17 advanced by them to take up the last installment of the note held by the Conner Investment Company been repaid to them. The trial court awarded to Angus G. Wynne and Toddie L. Wynne, interveners, a recovery for $106.17, and to appellee $233.83, same being the $340 sued for, less the recovery by the interveners.

As we view this case, the only question involved is, Did the policy sued upon become void by reason of the execution of the mortgage on April 15, 1925, by appellee to Wynne & Wynne on the car in question? The policy, after reciting the purchase of the car by appellee, the terms of such purchase, the execution of the note for $310.94 secured by a mortgage on said car, etc., provides:

"And that the same is the only indebtedness or incumbrance of any kind or amount on said insured property, and this policy shall be wholly void if any of such statements are inaccurate in any respect, or any of the terms or conditions of said mortgage are breached in any respect, or if any change is made in any of the notes representing said indebtedness or incumbrance, otherwise than the payment thereof, or if the property shall become otherwise incumbered in any way whatever by lien of any amount whatever, or if any of said notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before ten days after the maturity thereof without grace, but the loss, if any, hereunder shall be payable to the Conner Investment Company, as owner of said notes as his interest may appear, subject to all of the terms and conditions of the policy and mortgage; save, however, that this insurance, as to the interest of the said owner of said notes only, shall not be invalidated by the failure of the assured to pay any of the said notes within the time specified above, and in such case the liability of this company under this policy shall be as to the said Conner Investment Company only and shall be limited to the amount of principal and interest then unpaid on the said notes."

The above was a rider attached to and make a part of the policy. Said policy also provided:

"Unless otherwise provided by agreement in writing added hereto, this company shall not

be liable for loss or damage to any property insured hereunder (a) while incumbered by any lien or mortgage."

[1, 2] The first mortgage lien, created at the time the car was purchased about October 24, 1924, for $324.96, was agreed to by appellant in writing, said mortgage being attached and made a part of said policy, and loss, if any, made payable to the holder of said note as his interest appeared. The policy provided further: "This policy shall be wholly void * * * if the property shall become otherwise incumbered in any way whatever by lien of any amount whatever"—and also provided: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder (a) while incumbered by any lien or mortgage." The second lien was placed upon said car April 15, 1925, without any kind of consent or notice to appellant. The policy sued upon is a fire and theft policy. If the car insured had been destroyed by fire, appellee would have been entitled to recover, in that article 4890, Revised Statutes of 1925, prohibits any defense on the ground that the insured property was incumbered when insured or thereafter became incumbered. But this statute has no application to a policy against theft. International Indemnity Co. v. Duncan (Tex. Civ. App.) 254 S. W. 233; Hartford Fire Ins. Co. v. Owens (Tex. Civ. App.) 272 S. W. 611. Our courts have repeatedly held that in a policy of insurance the conditions forbidding incumbrances and declaring the policy to be void in case of a breach of such conditions are, in the absence of statutory provisions to the contrary, legal and valid. Insurance Co. v. Wicker et al. (Tex. Civ. App.) 54 S. W. 300; Lion Insurance Co. v. Wicker et al., 93 Tex. 397, 55 S. W. 741; Security Insurance Co. v. Laird, 182 Ala. 121, 62 So. 183; Brown v. Insurance Co., 9 Kan. App. 526, 58 P. 276; Dover Glass Works v. Insurance Co., 1 Marv. (Del.) 32, 29 A. 1039, 65 Am. St. Rep. 264. We know of no statute in this state forbidding such clause in a policy of insurance against theft.

[3] Appellee contends he had no knowledge of said provision in the policy with reference to incumbrances, on April 15, 1925, at the time he gave the mortgage to Wynne & Wynne. It is true the policy was taken out by the Conner Investment Company about the time the car was bought, October 18, 1924, primarily for its own protection as the owner of the $310.94 note against said car, and said policy was held by said company, and appellee had never seen same and had no actual knowledge of the provisions of said policy at the time he gave the mortgage to Wynne & Wynne on April 15, 1925, but the policy was made payable to appellee, the premium was charged to him and included in the $310.94 note, and paid by him in paying said note, and after said note was paid or taken up by Wynne & Wynne, said policy was delivered by the Conner Investment Company to appellee, and appellee accepted same and is now seeking to enforce same. Under this state of facts, we think it must be held that in taking out said policy the Conner Investment Company was the agent of appellee, and appellee was chargeable with such notice of the provisions of said policy as his agent had, and, of course, said agent, having the possession of said policy, must be presumed to have known its contents.

[4] Appellee contends, further, that the registration of the chattel mortgage given by him to Wynne & Wynne in Kaufman county was notice to appellant of the giving of said mortgage in such a way as to bind appellant. This proposition, as sought to be here applied, we think is unsound. U. S. Ins. Co. v. Moriarty (Tex. Civ. App.) 36 S. W. 943; Ætna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; Mutual Fire Insurance Co. v. Deale, 18 Md. 26, 79 Am. Dec. 673; Maul v. Rider, 59 Pa. 167; Milwaukee Mechanics' Insurance Co. v. Niewedde, 12 Ind. App. 145, 39 N. E. 757; Wicke v. Insurance Co., 90 Iowa, 4, 57 N. W. 632; note, 107 Am. St. Rep. 108.

[5-8] Appellee also contends that the failure of appellant to tender the unearned premium was a waiver of the mortgage provision rendering said policy void, and that appellant was estopped to claim the benefit of same. If this were true, appellee, not having pleaded same as a waiver, is not in a position to so contend. But this contention is without merit and does not come within the rule of law requiring the return of the unearned premium where the policy provides for its cancellation and return of the unearned premium. In this case the policy became void by reason of the violation of its mortgage provision, as provided in said policy, and such result was not made dependent upon the return of the unearned premium, or any affirmative act on the part of appellant. While it is true that courts will construe the language of an insurance policy, and especially a clause of forfeiture contained therein, most strongly against the insurer and in such manner as to protect the insured, if the language used is susceptible of such construction, it is also true that when a party dealing with an insurance company has made a contract which is unambiguous in its terms, courts will construe and enforce it in the same way as if made between natural persons. In this case the policy clearly provided, in effect, that if additional incumbrance was placed upon the insured property without the written consent of the insurer, the policy would thereby become wholly void, and this provision was clearly breached by appellee on April 15, 1925, by his placing an additional mortgage on said property without the knowledge or consent of appellant, and said policy thereby became void.

We sustain appellant's assignments and reverse the judgment of the trial court and here render judgment for appellant.