**HOME INS. CO. v. PUCKETT.**

No. 1369—5524.

Commission of Appeals of Texas, Section A.

May 7, 1930.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Thomas W. Thompson, of Greenville, for defendant in error.

SHARP, J.

W. A. Puckett instituted this suit in the county court of Hunt county against the Home Insurance Company upon a policy of insurance for $300 against loss or damage by tornado or cyclone, and alleged that on May 9, 1927, the property insured, which consisted of plaintiff's household goods, etc., covered by the policy, was totally destroyed by cyclone: that the policy was dated December 15, 1922, and was to run for a period of five years from the date thereof. Plaintiff prayed for judgment for the sum of $300, with interest thereon from the 9th day of May, 1927. The defendant answered with a plea in abatement, general demurrer, general denial, and furthermore that the suit could not be maintained by plaintiff because he had not complied with the provisions contained in the policy, which require that notice shall be given of such loss in writing to the company, and, within sixty days after the date of the tornado or cyclone, render a statement to the company signed and sworn to by the insured, stating the interest of the insured, etc.; and defendant further alleged that it was not liable to the plaintiff for any loss or damage that might accrue to property described in said policy while any promissory note or obligation, or part thereof, given for the premium, was past due and unpaid, and that the plaintiff had not complied with the provisions of the policy in that respect by being delinquent in the payment of one premium due for the year 1927, and that whatever loss plaintiff suffered occurred during the time he was delinquent in the payment of the premium due on the policy. Plaintiff in reply thereto alleged that he had complied with all of the provisions contained in the policy, and that the insurance company had waived the provisions in the policy of his failure to file proof of loss or to declare the policy forfeited for failure to pay the premium note when due according to the terms thereof. The case was tried before the court without a jury, and, upon the conclusion of the testimony, the court rendered a judgment for plaintiff against the defendant in the sum of $300, together with interest thereon, at the rate of 6 per cent. per annum, from the 9th day of May, A. D. 1927, and all costs of suit. The case was appealed to the Court of Civil Appeals for the Sixth Supreme judicial district, and was affirmed by that court. 17 S.W.(2d) 849.

Counsel for the Home Insurance Company earnestly contend that the undisputed evidence shows that the note and policy sued upon by plaintiff provided that the policy of insurance should lapse and be in suspension, if any premium note which was given for deferred premiums should not be paid when due, and that there could be no recovery un-

der the policy so long as the premium note or any part thereof might be due and unpaid, and that, upon default in any installment of any such premium note, the unpaid balance should immediately become due and payable and considered as earned, and might be collected by law or otherwise; that the undisputed evidence shows that the premium note was given for a portion of the deferred premium, the last installment of which was due January 1, 1927, and which was not paid when due, and remained due and unpaid until some time in October, 1927, and that the loss by plaintiff occurred on May 9, 1927, and it being claimed by the insured that the suspension provision of the policy was not affected because the insurance company was estopped to assert said suspension provision because it had demanded and received the last premium of installment after the loss had occurred, and it is urged that the Court of Civil Appeals was in error in holding that the insurance company had demanded payment of the note and actually accepted payment thereof after the loss occurred, with the knowledge that the loss had occurred, and that the suspension provision of the policy had been waived by estoppel, and that by reason thereof the insured could recover under the policy. The policy sued upon by plaintiff is dated December 19, 1922, and was issued by J. M. Tisdal, agent, at Commerce, Tex., and countersigned by the insurance company, and contains the following provision:

"It is expressly agreed that this Company shall not be liable for any loss or damage that may occur to property herein described while any promissory note or obligation, or part thereof, given for premium remains past due and unpaid. Payment of notes must be made to The Home Insurance Company, at its Western Farm Department Office at Chicago, Illinois. The Company may collect by suit or otherwise such premium note or notes and a receipt from the said office of the Company must be received by the assured before there can be any revival of the Policy, which shall in no event carry the insurance beyond the original term. In case of loss prior to maturity of any note given for premium the Company may deduct said note in settlement of claim. If any part of the premium on this Policy for which credit is given be not paid when due, the whole premium shall be considered earned and be immediately payable."

The note given by plaintiff, dated December 19, 1922, payable to the Home Insurance Company, among other things, contains the following provision:

"I promise to pay to said company or order * * * Fifty-six Dollars and 40 cents payable in installments as follows:

"Fourteen Dollars and 10 Cents, upon the first day of January 1924 and Fourteen Dollars and 10 Cents upon the first day of January, 1925, and Fourteen Dollars and 10 Cents upon the first day of January, 1926, and Fourteen Dollars and 10 Cents upon the first day of January, 1927, without interest. And it is hereby agreed that in case any one of the installments herein named shall not be paid at maturity, or if any single payment promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for said Policy shall not be paid promptly when due, this Company shall not be liable for loss during such default, and the said Policy shall lapse until payment is made to this Company at the Farm Department at Chicago, and the whole amount of installments or notes remaining unpaid on said Policy may be declared earned, due and payable, and may be collected by law. In settlement of any loss under above Policy, this Company may deduct therefrom the entire amount of unmatured installments of this note. This note is given in payment for above policy of insurance."

The evidence introduced by plaintiff with reference to his loss and his connection with an agent or supposed agent of the insurance company is very meager and indefinite, and we set it out as follows:

"I lost this property on the 9th day of May, 1927. My house was totally destroyed, and there was nothing left of my household goods that I could use. That was on May 9th, 1927. At that time I had not paid the January installment on my premium note. No, sir, I did not notify the company of the loss. I know Mr. Dave Wright of Celeste; I have known him ten or twelve years. I know of his writing insurance among my neighbors. He wrote a policy for me, a contract previous to this one. I am sure that he wrote Ed Holloway. I saw him figuring with one of the Holloways; I couldn't tell you the exact date, but it was about a year before my loss. Mr. Wright said that his purpose was writing insurance. When he came down on the morning after the loss, he told me that he would report my loss. Mr. Wright lives at Celeste, Texas. He has lived there ever since I have known him. That piece of paper which you show me is a note payable to The Home Insurance Company dated December 19th, 1922. It is signed by W. A. Puckett. That is the note I gave The Home Insurance Company. * * * Five years previous to this time I had taken out a policy through Mr. Dave Wright, at Celeste, Texas, and I guess I signed an application at that time. When I got insurance on my farm property I signed the papers and they sent them off and the policy came back to me. Personally I had had no dealing with reference to writing other insurance with Mr. Wright since the time he wrote a policy for me several years prior to 1922. He never wrote any other insurance for me. When he did write it, I signed an application and note in the usual way."

The evidence is undisputed that plaintiff did not pay the premium note when due on January 1, 1927; that whatever loss he suffered by reason of the cyclone or tornado was on May 9, 1927; that he sent a draft dated October 15, 1927, to the insurance company, and in a few days his note was returned to him marked paid. On October 27, 1927, the plaintiff wrote to the insurance company the following letter:

"Greenville, Texas, Oct. 27, 1927.
"The Home Insurance Co., 137 So. LaSalle St., Chicago, Ill.,
"Gentlemen: Will you please send me blank proofs of loss for my tornado policy as have had a loss and desire to make proper proof of same to you. My Policy is No. F 1. 526557——B.496080, and was dated Dec. 19, 1922.
"I will thank you to forward it as soon as you can, to me at Celeste, Texas, R. F. D. No. 1, and oblige,
"Yours truly, W. A. Puckett."

Plaintiff further testified that, after writing the foregoing letter, he did not receive any blank proofs of loss, but a Mr. Wright came out to see him. The plaintiff further testified as follows:

"After writing this letter I did not receive any blank proofs of loss but a Mr. Wright came out to see me. He came by the place, but I didn't go with him; there wasn't anything but the ground for him to see. After that I made a proof of loss and swore to it and mailed it to the Company at Chicago. That was some time in November, 1927. I registered that letter and got a receipt for it."

Edward P. Hitchcock, supervisor and office manager for the farm department of the Home Insurance Company in Chicago, testified by deposition that his duties were to have general charge of the company's office and particularly of the collections and correspondence pertaining thereto; that the first notice that the Home Insurance Company received from W. A. Puckett that he had a loss under the tornado policy was contained in a letter dated October 27, 1927; that the insurance company did not receive any notice of, or reference to, a cyclone or tornado damage to any property claimed to be covered by the policy sued upon on May 9, 1927, until it received a proof of loss about November 23, 1927.

J. D. Abney testified for the insurance company to the effect that he was the special agent for the Home Insurance Company, with headquarters at Dallas, and that his territory comprised Hunt and other surrounding counties during the year 1927, and that he is now the special agent for the company; that he did not receive notice that W. A. Puckett had any kind of a loss until after the remittance of his premium due on the policy in October, 1927. Up until that time he had not been notified of any character of loss or claim by Puckett. He had charge of the fire and tornado insurance policies in Hunt county; it was his duty to look after the fire and tornado insurance policies for the Home Insurance Company; that the agents took applications for the policies, and they are sent to the home office in Chicago; that he looks after the collections and adjustments. The loss was turned over to Mr. A. A. Wright in November, 1927.

The Court of Civil Appeals based its judgment affirming the judgment of the trial court upon estoppel by waiver, and uses the following language:

"The judgment in favor of appellee was based upon estoppel by waiver. It is believed that there is evidence going to support the trial court's conclusion that, under the doctrine of estoppel by waiver, the company had lost the right and was precluded from asserting the enforcement of the conditions contained in the policy. A provision for punctual payment of premiums, and forfeiture or suspension of insurance for the nonpayment when due, is for the benefit of the insurance company and may be waived."

█ We are of the opinion that, taking the entire testimony as shown from this record in its most favorable light, it is not shown that any agent, officer, or representative of the insurance company, with full knowledge of the facts pertaining to the loss sustained by plaintiff, waived any of the provisions of the policy. Some evidence was introduced to show that a man by the name of Wright went to plaintiff's place after the loss, but it is not shown that Wright had anything to do with the issuance or the delivery of the policy sued upon, or that he collected any premiums on policies for the insurance company in any way whatsoever. The testimony further shows that the insured never pressed his claim for his damages sustained until after he had remitted the amount of the premium in October, 1927, and that in his letter to the company stating that he had sustained a loss, he did not state when that loss occurred; and the testimony, considered in its most favorable light for plaintiff, is to the effect that Wright thereafter came to his place, and it is not shown from the testimony that he or any other person representing the insurance company gave the plaintiff any blanks for the purpose of making out a proof of loss, or that the insured, acting upon any suggestion made by Wright or any one else pretending to represent the company, went to any expense or trouble in making out a proof of loss, and this record wholly fails to show, in our opinion, that Wright or any other representative of the insurance company, with full knowledge of plaintiff's loss, waived the provisions

of the policy with reference to the forfeiture, or that he or any one was authorized to act for the company with reference to waiving the suspension of the policy during the delinquency of the insured to pay the premium due. In other words, this record fails to show that whatever was done by the company through its officers or agents with reference to the loss or claim of plaintiff was done with full knowledge thereof, and it is plain that an essential and necessary element of estoppel is absent.

■ It is a well-recognized rule that forfeitures are not favored in law, but, if the contract of insurance is expressed in plain and unambiguous language, the courts will not undertake to construe the language otherwise than the parties themselves intended that it should be. It is a further well-recognized rule that an insurance company has the right to stipulate for the prompt payment of the premiums due and provide a forfeiture by way of penalty to enforce such provision. There is nothing illegal in such contract. It was the duty of the insured, if he desired to avoid such forfeiture, to show a waiver or a substantial compliance with the terms of the insurance policy. In our opinion, this has not been shown in this case. In the case of Duncan v. United Mutual Fire Insurance Co., 113 Tex. 305, 254 S. W. 1101, 1102, the court, in passing upon a certified question involving a similar question as that involved in this case, says:

"By the plain terms of the policy, the company was not liable for any loss or damage thereunder after the unpaid portion of the premium became due, so long as it was unpaid, unless the company has waived its right under the clause of the policy set up as a defense. A fair and reasonable interpretation of that clause is that the parties intended by its provisions that nonpayment of the unpaid portion of the premium should have the effect of suspending the obligation to pay for any loss that might occur during the default in payment of the premium, and that, upon its payment, the policy should be revived, and in full force. The parties had a right so to contract. The provision was not contrary to any law or to public policy. It was evidently inserted for a legitimate purpose—to aid in securing prompt payment of the premium. It could work no injury to the plaintiff except by his own fault or negligence. Such injury would not be due to the provision of the policy, but to his own default."

See North River Insurance Co. v. Reeder (Tex. Civ. App.) 288 S. W. 257 (Writ of Error denied); Cohen v. Continental Fire Ins. Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24; Union Central Life Ins. Co. v. Wilkes, 92 Tex. 468, 49 S. W. 1038; Nat. Life Ins. Co. v. Manning, 38 Tex. Civ. App. 498, 86 S. W. 618; Moore v. Supreme Assembly of Royal Society, 42 Tex. Civ. App. 366, 93 S. W. 1077; Supreme Lodge v. Keener, 6 Tex. Civ. App. 267, 25 S. W. 1084; Interstate Fire Ins. Co. v. Sorrells (Tex. Civ. App.) 295 S. W. 242; Southland Life Ins. Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989; Union Central Life Ins. Co. v. Chowning, 8 Tex. Civ. App. 455, 28 S. W. 117; Thomas et al. v. North River Ins. Co. (Tex. Com. App.) 277 S. W. 1041; Liverpool & London & Globe Ins. Co. v. Baggett (Tex. Civ. App.) 275 S. W. 313; Jefferson Standard Life Ins. Co. v. Hicks (Tex. Civ. App.) 264 S. W. 1033; Laughlin v. Fidelity Mutual Life Ass'n, 8 Tex. Civ. App. 448, 28 S. W. 411; Continental Ins. Co. v. Stratton, 185 Ky. 523, 215 S. W. 416, 8 A. L. R. 391; New Zealand Ins. Co. v. Maaz, 13 Colo. App. 493, 59 P. 213; German Alliance Ins. Co. v. Ft. Worth Grain & Elevator Co. (Tex. Com. App.) 269 S. W. 430; Home Ins. Co. v. Ft. Worth Grain & Elevator Co. (Tex. Com. App.) 269 S. W. 432.

■■ By proper assignment, counsel for the insurance company contend that the court erred in rendering judgment for interest at the rate of 6 per cent. per annum from May 9, 1927, because such a judgment is excessive to the extent of such interest, since nothing was due and payable under the policy until the submission of proof of loss, which was not submitted under the undisputed evidence until about November 23, 1927; the loss having occurred on May 9, 1927. The provisions of the policy provided for a proof of loss to be furnished to the company by the insured, and the company was entitled to be furnished this proof of loss, unless waived by the company.

Since this case will be reversed and remanded, we hold that, the plaintiff not having filed a proof of loss as provided for by the terms of the policy until about November 23, 1927, he is not entitled to interest thereon from May 9, 1927, but is only entitled to interest upon whatever amount he should recover from a period of sixty days after the proof of loss had been filed or received, or from the date of denial of liability by the company, which was January 2, 1928. Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; Fire Association of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447.

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals and of the trial court be reversed and remanded for a new trial.

CURETON, C. J.

Judgments of the county court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.