**HOME INS. CO., NEW YORK, v. SPRINGER.**

No. 13921.

Court of Civil Appeals of Texas. Fort Worth.

June 9, 1939.

Rehearing Denied Sept. 8, 1939.

Thompson, Knight, Baker, Harris & Wright and William H. Neary, all of Dallas, for appellant.

McCart & Curtis, of Fort Worth, for appellee.

SPEER, Justice.

This is an appeal from a judgment entered in the County Court at Law No. 1, Tarrant County, Texas, in favor of Barnard Springer against The Home Insurance Company, New York.

The facts are uncontroverted, and the sole question for determination is whether or not a provision in the policy which prohibits the encumbrance of the insured property by mortgage, renders the contract unenforcible.

The policy, or contract of insurance, contained, among other things, the following statement: "Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other encumbrance specifically set forth and described in Item 1 of the declarations, this Company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance."

On May 30th, 1936, the defendant issued its policy of insurance to Commercial Credit Company and plaintiff, Barnard Springer, covering, among other items, damages to a described automobile, growing out of fire, theft or collision, and upset, prior to the expiration of the term of the policy, on December 30th, 1937. The terms of the policy indicate that Commercial Credit Company, one of the payees named therein, held a lien on the car to secure an indebtedness of $931.67, payable in 21 monthly instalments, 20 of which were for $45 each, and the last for $31.67.

At some time in August, 1937, the Commercial Credit Company indebtedness had been reduced by payments to $256.67. At about the last mentioned date, plaintiff, being desirous of reducing the amount of his monthly payments on the debt, induced the Morris Plan Bank of Fort Worth, Texas, to take up the remaining $256.67 owing to Commercial Credit Company, and to refinance his loan. In this deal Morris Plan Bank took an assignment and transfer of the former debt and mortgage lien, paid to plaintiff $102.58 in cash and took his note for $408, payable in monthly instalments of approximately $30 each. The difference between the amount owing on the original indebtedness, plus the additional $102.58 cash delivered to plaintiff, and the amount of the new note, was said to cover interest, discount and premium on other insurance. A new and separate chattel mortgage lien on the automobile was executed by plaintiff to Morris Plan Bank, to secure the payment of the $408 note.

Two payments had been made on the last note and lien when, on October 18th, 1937, the insured automobile was badly damaged by collision, without fault on the part of plaintiff. Suit was instituted on the policy, and defendant relied upon the provision of the policy above quoted, relating to encumbrances on the insured property not authorized by the terms of the contract. Judgment was entered for plaintiff for the amount of his proven damages. The defendant has appealed, and is asking for a reversal and rendition of judgment in its favor, because the contract was shown to have been voided by the new encumbrance on the car.

There is nothing in the record to indicate that the plaintiff, or any other person for him, made an application in writing for the issuance of the policy contract; nor that any representations were made relative to the nature of the risk to be assumed by defendant. Nor does plaintiff contend

414

that he did not know and understand the nature and contents of the policy of insurance. He does not claim that any fraud or mutual mistake prevented him from knowing that it contained the provision against additional encumbrances.

■ It is so well settled by the decisions of this State that the terms of an insurance policy, if at all ambiguous, should be construed most strongly against the insurer and in favor of the insured, so as to avoid forfeitures, that we deem it unnecessary to cite authorities to that effect.

We can see no ambiguity in the paragraph relied upon by defendant. We know of no statutory inhibition against the inclusion of such a provision in a contract of insurance like this. The Legislature has provided many safeguards against the defeat of liability by insurance companies, upon technical and hypercritical grounds, in certain kinds of insurance. These we shall mention later.

Article 4890, R.C.S., reads: "Any provision in any policy of insurance issued by any company subject to the provisions of this law [Chapter 106, Acts of 33rd Leg., p. 195, passed in 1913] to the effect that if said property is encumbered by a lien of any character or shall after the issuance of such policy become encumbered by a lien of any character then such encumbrance shall render such policy void shall be of no force and effect. Any such provision within or placed upon any such policy shall be null and void."

In Interstate Fire Insurance Co. v. Sorrells, Tex.Civ.App., 295 S.W. 242, in discussing a claim arising for theft of a car under a policy against loss by fire or theft, it was held that the provisions of Article 4890, supra, had no application when the loss was for theft. If the loss in that case had been from fire, it was held that the statutes would have applied and recovery could have been had. Citing International Indemnity Co. v. Duncan, Tex.Civ.App., 254 S.W. 233, writ dismissed; Hartford Fire Ins. Co. v. Owens, Tex.Civ.App., 272 S. W. 611, writ of error refused. (The last cited case was one involving loss by fire, but the distinction between a fire and theft loss is discussed). Court, in the Sorrells case, supra, 295 S.W. at page 244, said: "Our courts have repeatedly held that in a policy of insurance the conditions forbidding incumbrances and declaring the policy to be void in case of a breach of such conditions are, in the absence of stat-

utory provisions to the contrary, legal and valid. Insurance Co. v. Wicker, Tex.Civ. App., 54 S.W. 300 [affirmed by Supreme Court [93 Tex. 390], 55 S.W. 740] * * * We know of no statute in this state forbidding such clause in a policy of insurance against theft."

The holding in the Sorrells case is cited with approval by the Supreme Court, in Home Insurance Co. of New York v. Puckett, Tex.Com.App., 27 S.W.2d 111, 115.

In Duncan v. United Mutual Fire Ins. Co., 113 Tex. 305, 254 S.W. 1101, the court had before it upon certified question, the right of an insurance company to refuse payment of loss under a fire policy which provided that it should be void if the whole of the premium had not been paid at the time of destruction by fire of the insured property. Part premium had been paid in cash and negotiable notes executed for the remainder, the loss occurred before the note was paid. The court answered the question in the affirmative, which was to hold that under the terms of the contract, the insured's policy was suspended at the time of the fire, for failure to pay the premium. Reasoning upon the provision in the policy, the court said, 254 S.W. at page 1102: "By the plain terms of the policy, the company was not liable for any loss or damage thereunder after the unpaid portion of the premium became due, so long as it was unpaid, unless the company has waived its right under the clause of the policy set up as a defense. A fair and reasonable interpretation of that clause is that the parties intended by its provisions that nonpayment of the unpaid portion of the premium should have the effect of suspending the obligation to pay for any loss that might occur during the default in payment of the premium * * *. The parties had a right so to contract. The provision was not contrary to any law or to public policy. It was evidently inserted for a legitimate purpose—to aid in securing prompt payment of the premium. It could work no injury to the plaintiff except by his own fault or negligence. Such injury would not be due to the provision of the policy, but to his own default."

■ We have been cited to no antitechnical statute of this State, and we have found none, which forbids the inclusion of the prohibition of an encumbrance clause in a policy of insurance against collision. In somewhat similar language to that quoted from the Duncan case, supra, the clause

relied upon by defendant violates no statute, it is not in any sense against public policy, it is unambiguous and was inserted, no doubt, for a legitimate purpose—that of preventing any encumbrances upon the insured property without the company's written consent. The plaintiff apparently has consented to its terms; and if he had complied with its provisions when he made the new mortgage and procured additional money thereon, he would have had protection. Upon the other hand, if the company had not assented to the additional indebtedness and mortgage when notified, plaintiff would have been in a position to procure another policy of insurance. In fact, the indebtedness to Morris Plan Bank for which the second mortgage was given to secure, contained an item for other insurance. The infraction of the clause in the contract was due to plaintiff's own default in failing to comply with its provisions.

We have been cited to no authority by either party which we consider decisive of the precise point before us. Some of the cases to which we have referred were found in defendant's brief, but, as shown, they are only indirectly in point. Defendant says that the case of Commercial Standard Ins. Co. v. Harper, Tex.Civ.App., 69 S.W.2d 820, is the nearest case in point to be found. We have read that case closely, and while it is applicable only by implication, yet two questions were there involved, and the Supreme Court, in 129 Tex. 249, 103 S.W.2d 143, 110 A.L.R. 529, reversed the judgment of the Court of Civil Appeals, on one phase of the case, and said nothing about the one most applicable to the point here involved.

■ It cannot be said that the indebtedness secured by the second mortgage given to Morris Plan Bank was the same indebtedness secured by the allowed mortgage to Commercial Credit Company, as set out in the policy. If the new note had been for only an unpaid balance on the original indebtedness, and the debt and mortgage had been assigned to another mortgagee, an entirely different question would arise. But the difference between $256.67 unpaid on the original debt and the amount of the new note and mortgage for $408 was a new obligation, of which defendant had no knowledge. We think this additional new mortgage, which plaintiff admits he made in August of 1937, and of which the company had no notice, and, of course, to which it did not assent, breached the contract of insurance and under its terms, rendered it void. Case of Interstate Fire Ins. Co. v. Sorrells, supra, cited with approval by the Commission of Appeals in Home Ins. Co. of New York v. Puckett, supra, supports our conclusions on this point.

■ It is contended by plaintiff that the provision in the policy was no defense to his claim for the reasons: (1) It was in effect a representation and not a warranty, and therefore, not material to the risk, and did not contribute to the loss; and (2) the provision in the policy was referable to then existing liens and not to future encumbrances. He cites, as supporting his first contention, the case of Phoenix Assur. Co. v. Munger, 92 Tex. 297, 49 S.W. 222, and other cases which have followed it. To our minds, the facts in the Munger case are clearly distinguishable from those before us. That case was decided in 1898. It involved a written application for insurance in which certain representations were made by the insured as to title and encumbrances on the insured property, and the application was considered as part of the contract. In this case we have no representations of any kind or character by the insured. The Legislature, in 1913, perhaps prompted by holdings of the Supreme Court in the Munger case, passed what is now Article 4930, Vernon's Ann.Civ.St., which reads: "No breach or violation of the insured of any of the warranties, conditions or provisions of any fire insurance company, contract of insurance or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of property." This provision by its very terms, as well as by the construction given by our courts, is applicable only to fire insurance policies. It is another one of our statutory inhibitions of technical defenses provided by law, against losses by fire. The Legislature up to now has not seen fit to pass similar Acts regulating collision or theft insurance. Until this is done we are powerless to read it into the law. The courts will not assume to make a contract for the parties different from that agreed upon by them. The laws, as they exist at

the time a contract is made, become as essentially a part of the contract as if they were written into the instrument.

We can see no reason to construe the provision in the policy relied upon by defendant, as being ambiguous or uncertain in meaning. Nor is there anything in the provision that would remotely indicate that the language does not apply to encumbrances placed on the insured property after the issuance of the policy.

Under the undisputed facts in this case and the authorities cited, we hold that the creation of the encumbrance to Morris Plan Bank on the insured property was in violation of the terms of the policy and thereby rendered it void. This being true, plaintiff should not have recovered as he did. Judgment should have been rendered for the defendant. No reason appears to us why the case should be remanded for another trial, and we therefore reverse the judgment of the trial court and render judgment for the defendant. This order shall be certified to the trial court for observance.

Judgment reversed and rendered.